McKinney, J.,
delivered the opinion of the court.
This was an action of debt brought in the circuit court of Warren, on the 2nd of February, 1847, against one William Stroud, the maker, and the defendant, Harris, the endorser, of a promissory note. The . action was prosecuted jointly against the defendants until the December term, 1852, at which term the following entry appears upon the minutes of the court:
“The defendant’s counsel suggests the death of William Stroud, which is proved to the court by witnesses-sworn in open court, and that he has no administrator,whereupon plaintiff elects to proceed against William W. Harris alone.”
At the December term, 1853, (the plaintiff having discovered his error,) it was suggested to the court that *70 Oliver Clark had taken out letters of administration upon the estate of said Stroud, and on motion of plaintiff’s counsel, a scire facias was awarded against said Clark, to show cause why the suit should not be revived against him. The only defence to the scire facias necessary to be noticed, was the plaintiff’s election, at the December term, 1852, to proceed against the defendant, Harris, alone. This matter was set up in the form of a plea to the scire facias as ah estoppel ¡upon' the ■ plaintiff to ask to have the suit revived, and so the circuit judge ruled. At the October term, 1854, a trial was had upon the merits, and verdict and judgment were rendered for the plaintiff for the debt sued for, with interest thereon. On a subsequent day of the term, the defendant moved in arrest of .judgment, which motion was sustained by the court, and the judgment arrested, and thereupon the plaintiff appealed in error to this court.
If the circuit judge was right in holding that the plaintiff was precluded from asking to have the suit revived against the personal representative of Stroud, then it necessarily follows, that the judgment rendered against the' defendant, Harris, was properly arrested. It is settled that upon the construction of the Act of 1837, •ch. 5, the endorsee of a bill of exchange or promissory note, may maintain a joint action, either debt or case, .at his election, against the drawer or maker and the endorsers thereof; but that under that statute an action of debt will,- not lie against the ' endorser, . unless the maker be joined with him in the action, and that the action must not only be commenced against them jointly, but must likewise be prosecuted against them jointly to final judgment; and that after the discharge of the maker, *71 in the progress of a suit, by tbe voluntary act of the plaintiff, he cannot proceed to recovery and judgment against the endorser alone. Bank vs. Cowan et al., 11 Humph., 126.
The decision then tons upon the point, whether or not the com’t erred in refusing to suffer a revival of the suit against the administrator of Stroud. In the determination of this question, no aid is derived from the Act of 1852, ch. 152, sec. 6. That section, it will be observed, in prescribing a rule for the government of the circuit court, limits the application of the rule in terms, to suits brought after the passage of the aet.
The seventh section, which applies to the supreme court, is different in this respect; its provisions are applicable to all cases brought into this court after the law took effect, although commenced' in the inferior court prior to its enactment. 2 Swan, 273.
Upon the law as well settled, before the passage of the act of 1852, we perceive no sufficient reason,, why the ‘ application of the plaintiff to revive the suit against the administrator of Stroud, should have been refused. It is apparent that at the time of the suggestion of the death, the counsel of both parties, as well as the court, entertained the opinion that the suit might be prosecuted to final judgment against the surviving defendant. This was an erroneous view of the law, but it ought not, we think, be allowed under the circumstances to prejudice the rights of the plaintiff. The deliberate determination understandingly taken, not to revive the suit against the personal representative of the deceased, defendant, would have been equivalent to an abatement or dismission of his suit by the plaintiff. *72 But it is obvious that he intended no such thing; nor was such a result contemplated either by the adverse party, or the court. The case, notwithstanding the awkwardness of the entry upon the record, still both in point of fact and of law, retained its status in the court.
The surviving defendant might, at the second term after the death, have had the suit abated, or this might have been done upon his motion, at any subsequent term, before the application by the plaintiff to revive. But the defendant, having omitted to avail himself of this right, it was competent to the plaintiff, notwithstanding more than two terms had intervened, after the death, to ask to have the suit revived. The defendant having taken no step to have the suit abated, mere lapse of time interposed no objection to a revival at any time before an actual order of abatement. Such, we understand, to be the settled course of decision, upon the construction of the Acts of 1785, ch. 2, sec. 2. 1786, ch. 14, sec. 1. 1789, ch. 87, sec. 7. See Young vs. Officer, 7 Yerg., 137, 140, and cases there cited.
We are of opinion, therefore, that the circuit judge erred, in assuming that the so called “election” of the plaintiff, had the effect in law, to preclude him from asking to have the suit revived. We think it could have no such effect; nor, indeed, any effect whatever under the circumstances.
The judgment will be reversed, and the case be remanded to the circuit court, where the suit will be revived, and the plaintiff will be permitted to amend the *73 declaration, by mating all proper averments upon suet terms as the court shall deem proper.
Judgment reversed.